

SUTHERLAND ASBILL & BRENNAN LLP     ATLANTA
The Grace Building     AUSTIN
1114 Avenue of the Americas, 40th Floor     HOUSTON
New York, New York 10036-7703     LONDON
212.389.5000 Fax 212.389.5099     NEW YORK
www.sutherland.com     WASHINGTON, D.C.

**ROBERT D. OWEN**
*Partner in Charge, New York*
DIRECT LINE: 212.389.5090
E-mail: robert.owen@sutherland.com

July 3, 2014

FILED AND SERVED VIA ECF

Hon. Roslynn R. Mauskopf
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

       Re:    *Adnan Awalladah v. The Western Union Corporation and First Data Corporation*, No. 14-CV-3493 (RRM) (VMS)

Dear Judge Mauskopf:

      This firm is counsel to defendant First Data Corporation ("First Data"). We respectfully submit this letter on behalf of both First Data and defendant The Western Union Company ("Western Union") to request a pre-motion conference for the filing of a pre-answer motion to dismiss the complaint on the basis of *forum non conveniens*.

      Even a cursory reading of the Complaint demonstrates why this case should be heard in Italy, not in New York. Between 2004 and 2013, plaintiff Adnan Awadallah was arrested, prosecuted, convicted and incarcerated – all by Italian officials in Rome – on charges that he extorted money from Western Union/First Data[1] in Rome. In July 2013, Awadallah's extortion conviction was overturned by the Court of Appeals of Rome. Awadallah now brings this action against Western Union and First Data for their alleged role in the Italian criminal proceeding. He asserts seven causes of action: (i) malicious prosecution, (ii) false arrest/imprisonment, (iii) abuse of process, (iv) defamation, (v) infliction of emotional distress, (vi) prima facie tort, and (vii) violation of the Torture Victim Protection Act. All of these claims arose outside the United States, if they ever arose at all, in Italy.

      When weighing a motion to dismiss for *forum non conveniens*, the court must (1) determine the degree of deference owed to the plaintiff's choice of forum, (2) determine the availability of an adequate alternative forum, and (3) balance the applicable private and public

---

[1] Western Union was a subsidiary of First Data until September 2006, when it was spun off and became an independent company.

Hon. Roslynn R. Mauskopf
July 3, 2014
Page 2

interests implicated in the choice of forum. *Acosta v. JPMorgan Chase & Co.*, 219 Fed. App'x 83, 86 (2d Cir. 2007) (citing *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 70 (2d Cir. 2003)).

Here, Awadallah's choice of forum is entitled to little deference, since as far as defendants know or the complaint reveals, Awadallah's sole connection to New York is that the attorney he hired to file this case has an office in New York City. Awadallah resides alternately in Italy and Spain, and he has neither citizenship nor residence ties to the United States. For their part, the defendants are not alleged to be organized or headquartered in New York, but merely to transact business here – like very many large corporations. Italy is an available and adequate forum, since the defendants are subject to suit there and Italy's civil law system permits litigation of the subject matter in dispute. Neither the United States nor New York has any discernible public policy interest in the administration of Italian criminal proceedings initiated by acts in Italy and conducted against a foreign defendant. Furthermore, the claims in this case will be governed by Italian law, which this Court would be burdened to have to interpret in a case with no connection to this forum. Similarly, the private policy interests in this case strongly favor dismissal. The key witnesses, Italian police and attorneys, are outside the jurisdiction of this court, as are many other foreseeable witnesses, including former employees of defendants. Finally, the evidence in this case will consist of years' worth of court records and transcripts in Italian, as well as voluminous other Italian-language documents.

In a decision affirmed by the Second Circuit, the Southern District applied this three-part analysis to a fact pattern remarkably similar to this one. In *Dattner v. Conagra Foods, Inc.*, 01-CV-11297, 2003 WL 1740448 at *4 (S.D.N.Y. Apr. 2, 2003), the plaintiff, an Israeli citizen and resident of the Netherlands, sued two U.S. corporations and their attorney for malicious prosecution, abuse of process, intentional infliction of emotional distress, and false imprisonment that occurred in France. *Id.* at *1. The plaintiff alleged that, angered by a business dispute that had devolved over many months, the defendants orchestrated his arrest and criminal prosecution for fraud. *Id.* at *1-2. After five years, the plaintiff was acquitted twice of the criminal charges—first in the French trial court and again in the French appellate court, which tried the case *de novo*. *Id.* at *2.

In granting the defendants' motion to dismiss for *forum non conveniens*, the Southern District found that because plaintiff had only "tenuous" ties to the United States, his choice of forum was entitled to "relatively weak" deference. *Id.* at *4. It then observed that France was an available alternative forum because defendants had consented to jurisdiction there and that France's civil law system was an adequate forum, even if less favorable to plaintiff. *Id.* Turning to the interests analysis, the court noted that New York had "virtually no public interest" in the action, since the case required the application of French law, the evaluation of the procedural workings of the French judicial system, and the weighing of French public and judicial policy interests. *Id.* at *4-5. The private interests similarly weighed in favor of dismissal, since the case involved voluminous French-language documents, the key witnesses were French police

officers and lawyers, the secondary witnesses were scattered abroad, and plaintiff was in fact nearer to France than to New York. *Id.* at *5-6. These factors are at least equally present here..

Accordingly, defendants respectfully request permission to make a motion to dismiss this action on grounds of *forum non conveniens*.

The answer date for First Data is July 3, 2014; Western Union's is July 15, 2014. Both defendants request an extension of time to file their motion to a date to be established by the Court.

Thank you for your consideration.

          Respectfully submitted,

          SUTHERLAND ASBILL & BRENNAN LLP

          By _____
          Robert D. Owen (RO2568)
          Travis Mock (TM2414)
          The Grace Building
          1114 Avenue of the Americas, 40th Floor
          New York, New York 10036
          (212) 389-5000
          *Attorneys for Defendant*
          *First Data Corporation*

Joined In:

FISHKIN LUCKS LLP

          By */s/ Andrew P. Fishkin*
          Andrew P. Fishkin (AF7571)
          David N. Cohen (DC4287)
          The Legal Center
          One Riverfront Plaza
          Newark, NJ 07102
          (973) 536-2800
          *Attorneys for Defendant*
          *The Western Union Company*