# LAW OFFICE OF JOHN F. SCHUTTY, P.C.
445 Park Avenue, Ninth Floor
New York, New York 10022
Telephone: (212) 836-4796  Fax: (917) 591-5980
Email: john@johnschutty.com

June 8, 2014

*Filed & Served Via the ECF System*

The Honorable Roslynn R. Mauskopf
United States District Judge
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Awadallah v. The Western Union Company and First Data Corp.*
        14-CV-3493 (RRM)(VMS)

Dear Judge Mauskopf:

My office represents the plaintiff, Adnan Awadallah in the above captioned action.  I write in response to defense attorney Richard D. Owen's July 3 letter to Your Honor requesting a pre-motion conference for the defendants' filing of a pre-answer motion to dismiss the Complaint on the basis of *forum non conveniens*.

For Your Honor's convenience, I preliminarily address the merits of the *forum non conveniens* arguments set forth in Mr. Owen's July 3 letter, in advance of any pre-motion conference scheduled by the Court, since the defendants' contentions do not appear to have any true merit.

Admittedly, the defendants' argument has a superficial appeal – this is a lawsuit brought by a foreign plaintiff for a maliciously-filed, wrongful criminal action filed in Italy. However, what defense counsel fails to advise Your Honor is that all of the actions taken to file and support the wrongfully-filed criminal action were created and supported in the United States by American agents and employees of the two defendant companies – all of whom work and reside in the United States.  Upon information and belief, all of the strategy employed to harass, charge, arrest and imprison plaintiff were made in America and all of the documents and witnesses with knowledge of how this strategy was created and employed are within the United States (not in Italy or any foreign country).  While the strategy was certainly executed in Rome, Italy, that strategy was created and employed here by American employees of the two corporate defendants.  This is addressed in greater detail below.

### *Forum Non Conveniens* – Plaintiff's Choice of Forum Is Entitled to Deference

When assessing a motion for *forum non conveniens*, the Court begins with the general proposition that plaintiff's choice of forum is entitled to deference; the "degree of

Hon. Roslynn R. Mauskopf
July 8, 2014
Page 2

deference given to a plaintiff's forum choice varies with the circumstances." *Iragorri v. United Tech. Corp.*, 274 F.3d 65, 71 (2d Cir. 2001).

In *Iragorri v.United Technologies Corp.,* 274 F.3d 65 (2d Cir. 2001), the Second Circuit, sitting *en banc,* adopted a three-part inquiry to govern analyses of motions to dismiss for *forum non conveniens*. *See Norex Petroleum Ltd. v. Access Indus., Inc.,* 416 F.3d 146, 153 (2d Cir. 2005). "The defendant bears the burden to establish clearly each factor ... and to demonstrate that the balance tilts *strongly* in favor of the purported alternative forum." *PT United Can Co., Ltd. v. Crown Cork & Seal Co., Inc.,* 138 F.3d 65, 74 (2d Cir.1998) (internal citations omitted) (emphasis added).

The first step in the analysis is determining what level of deference to accord a plaintiff's choice of forum. *DiRienzo v. Philip Services Corp.,* 294 F.3d 21, 28 (2d Cir. 2002) (citing *Iragorri,* 274 F.3d at 73). Then, a court must consider whether there is an adequate alternative forum for the litigation. *Iragorri, 214* F.3d at 73. If one exists, a court must then weigh the relative convenience of the forums by evaluating certain private and public interest factors.[1] *Id.* "The greater the degree of deference to which the plaintiff's choice of forum is entitled, the stronger a showing of inconvenience the defendant must make to prevail in securing *forum non conveniens* dismissal." *Id.* at 74.

The Second Circuit has established a "sliding scale" approach to determine the degree of deference to accord a plaintiff s choice of forum. *Iragorri.* at 71. Under that scale, "the greater the plaintiff's or the lawsuit's bona fide connection to the United States and to the forum of choice and the more it appears that considerations of convenience favor the conduct of the lawsuit in the United States ..., [the greater the amount of deference that must be accorded the plaintiff's choice of a forum, and] the more difficult it will be for the defendant to gain dismissal for *forum non conveniens*." *Id.* at 72.

The "public interest factors" that weigh in favor of plaintiff's choice of this forum center upon plaintiff's primary claim – *i.e.*, two United States companies doing business in New York sought to silence an individual by fabricating criminal charges against him. Certainly the United States (and New York as a business center) has an interest in preventing such behavior.

---

[1] In *Gulf Oil v. Gilbert,* 330 U.S. 501 (1947), the Supreme Court set forth several factors that a district court should consider in weighing the public and private interests under a *forum non conveniens* inquiry. The public interests include having local disputes decided locally, avoiding problems of applying foreign law, and avoiding burdening jurors with cases that have no impact on their community. *Gulf Oil,* 330 U.S. at 508. The private interests include ease of access to evidence, the cost for witnesses to attend trial, availability of compulsory process, and other factors that might shorten trial or make it less expensive. *Id .* at 509.