# LAW OFFICE OF JOHN F. SCHUTTY, P.C.
445 Park Avenue, Ninth Floor
New York, New York 10022
Telephone: (212) 836-4796  Fax: (917) 591-5980
Email: john@johnschutty.com

July 10, 2014

*Filed & Served Via the ECF System*

The Honorable Roslynn R. Mauskopf
United States District Judge
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Awadallah v. The Western Union Company and First Data Corp.*
      14-CV-3493 (RRM)(VMS)

Dear Judge Mauskopf:

My office represents the plaintiff, Adnan Awadallah ("Awadallah") in the above captioned action.  I write to request a pre-motion conference for leave to file an amended Complaint to correct the name of one existing defendant and to add three new defendants.  Your Honor will recall that the defendants recently requested a pre-motion conference (on July 3) for the defendants' filing of a pre-answer motion to dismiss the Complaint on the basis of *forum non conveniens;* perhaps the instant request can be heard at the same time.

Plaintiff seeks leave to file a Fed. R. Civ. P. 15 motion to amend the Complaint: (1) to correct the name of the name of one present defendant (named in the Complaint as "The Western Union Corporation" rather than "The Western Union Company"), and (2) to add three new defendants to the action (David L. Schlapbach, Robert George Degen and Kim Catherine Heavey).  While the tortious actions of the latter three individuals are described extensively in the present Complaint, it has only recently come to the undersigned's attention that jurisdiction may be found over these individuals in the Eastern District of New York.

**Factual Background on the Dispute**

In the Complaint, plaintiff asserts a claim arising out of, among other things, his wrongful arrest, prosecution and incarceration in Rome, Italy (and Germany) between March 2004 and July 4, 2013.

The Complaint shows that Mr. Awadallah was exonerated (by a Judgment issued on July 4, 2013 by the Court of Appeals of Rome – 2nd Criminal Section) of an aggravated extortion charge that was wrongfully initiated by employees, agents and representatives of The Western Union Company ("WU") and First Data Corporation ("FDC").  *See*

Hon. Roslynn R. Mauskopf
July 10, 2014
Page 2

English translation of the July 4, 2013 Judgment of the Court of Appeals of Rome - 2nd Criminal Section (hereinafter "Judgment") (Complaint, Exhibit "A").

The 2004 extortion charge was instigated by a false criminal complaint, misinformation, promised (but undelivered) documents and false testimony supplied by WU/FDC employees (David L. Schlapbach, Robert George Degen, and Kim Catherine Heavey). What was a long-standing civil dispute between Awadallah and WU/FDC was wrongly transformed by these WU/FDC employees into a fabricated criminal complaint – and the criminal charge was used improperly to silence Awadallah about discriminatory currency exchange practices then being employed by WU.

The criminal proceedings ultimately instigated by WU/FDC resulted in Awadallah's arrest, an imprisonment (followed by a house arrest in Rome), a trial and an unjust conviction (with a five year prison sentence). In all, the criminal proceedings from arrest to exoneration took nearly ten years of Awadallah's life away from him. When he was exonerated of the extortion charge last July, the Italian Court of Appeals specifically found that Awadallah should be acquitted "in the broadest terms conceivable" because WU/FDC (through its employees) had submitted "no reliable evidence at all" of extortion (which can only be shown by "a demand not accompanied by a reasonable intent to assert an actionable claim in court"). The Italian Court of Appeals concluded that Awadallah should be acquitted "of the [extortion] charge ascribed to him *on the grounds that the offences never actually occurred*" (emphasis added). Judgment at 10.

**Roles Played by Schlapbach, Degen & Heavey**

Upon information and belief, New York attorney David L. Schlapbach, a former General Counsel of WU, was the mastermind behind the criminal charges brought against Awadallah in Italy. We have only recently learned that Schlapbach was residing, at all times relevant to the Complaint, at 420 Riverside Drive, Apt 7E, New York, NY 10025-7754. From the New York metropolitan area, Schlapbach directed the ultimate actions taken by WU and FDC against plaintiff. Schlapbach was assisted by two FDC security officers – Degen and Heavey. The latter two individuals, at the direction of Schlapbach, signed a false criminal complaint against plaintiff in Rome, Italy. All three subsequently testified, falsely and wrongfully, against plaintiff in an Italian criminal court.

Schlapbach (with the assistance of Degen and Heavey) wrongfully converted what started as a legitimate civil dispute between plaintiff and WU (regarding WU's application of currency exchange rates on hundreds of plaintiff's money transfers) into a wholly exaggerated claim of "aggravated extortion" in Italy. While it is admitted that plaintiff made many telephone calls to WU personnel to obtain: (1) satisfaction on his currency exchange rate claims, and (2) assurances that FDC would not continue to threaten him and target him (along with satisfaction for hundreds of harassing, computer-generated telephone calls made to Awadallah's phones), these were all telephone calls made by

Hon. Roslynn R. Mauskopf
July 10, 2014
Page 3

Awadallah in seeking to obtain reasonable assurance and *economic* satisfaction – in short, *all of plaintiff's demands were accompanied by a reasonable intent to assert an actionable claim in court (something that fully legitimized his actions and set them far apart from the "aggravated extortion" claim made in the Italian criminal court).*[1]  The Italian appellate court ultimately determined this fact unequivocally -- that Mr. Awadallah should be acquitted "of the [extortion] charge ascribed to him *on the grounds that the offences never actually occurred*" (emphasis added).  Judgment at 10.

**Plaintiff's Right to Amend His Complaint**

Technically, since the existing defendants have yet to file a responsive pleading, plaintiff has the right, as a matter of law, to amend his Complaint "once as a matter of course . . . (B) . . . within 21 days after service of a responsive pleading."  Fed. R. Civ. P. 15(a)(1)(B).  While plaintiff reserves his absolute right to so serve an amended Complaint without a court order or the stipulation of the defendants, we would prefer to file an amended Complaint with the permission of the Court.

**One Further Item Requested – Addresses for Schlapbach, Degen & Heavey**

To ensure that the amended Complaint can be properly served upon Schlapbach, Degen and Heavey, plaintiff respectfully requests an Order from the Court compelling WU and FDC to supply, immediately, the exact and legal names of these three individuals and their last known work and residence addresses.

Sincerely yours,

*John F. Schutty*

cc:   Richard D. Owen, Esq. and Travis J. Mock, Esq. for First Data Corp. (Via ECF)
      and Andrew P. Fishkin, Esq. and David N. Cohen, Esq. for The Western Union
      Company (Via ECF)

---

[1]   It is quite significant that, before criminal charges were brought against plaintiff in Italy, attorney Schlapbach negotiated several "settlement agreements" with plaintiff and each of these settlement agreements state that the law to be applied to the parties' rights was/is New York law.