

ATTORNEYS AT LAW

The Legal Center
One Riverfront Plaza, Suite 220
Newark, New Jersey 07102
(973) 536-2800
fax: (973) 679-4435
www.FishkinLucks.com

New York Office
277 Broadway
Suite 408
New York, NY 10007
(646) 755-9200

Andrew P. Fishkin
afishkin@FishkinLucks.com

August 13, 2014

**Via ECF**
Hon. Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  *Adnan Awalladah v. The Western Union Corporation and First Data Corporation*, No. 14-CV-3493 (RRM) (VMS)

Dear Judge Mauskopf:

We represent Defendants The Western Union Company ("WU"), David Schlapbach, and Robert Degen.  We write on their behalf, with the joinder of Defendants First Data Corporation ("FDC") and Kim Heavey, to request a pre-motion conference for a pre-answer motion to dismiss the Amended Complaint (i) for lack of personal jurisdiction (Degen and Heavey), and (ii) for *forum non conveniens* (WU, FDC and Schlapbach).  Compliant with Your Honor's Individual Rules, all Defendants also request an extension of their time to answer the Amended Complaint.[1]

*The Court Lacks Personal Jurisdiction Over Mr. Degen and Ms. Heavey*

Degen and Heavey are former employees of FDC.  They worked in FDC's office in Denver, Colorado and currently reside in states other than New York.  Plaintiff, Adnan Awadallah must "make a prima facie showing that the court possesses personal jurisdiction over" them.  *DiStefano v. Carozzi N. Am.*, 286 F.3d 81, 84 (2d Cir. 2001).  Awadallah cannot meet that burden.

---

[1] If the Court rules as it did before, to avoid ambiguity as to Defendants' time to answer, Defendants request that their time to answer the Amended Complaint be stayed sufficiently to allow the Court to rule on Defendants' renewed request for a pre-motion conference following the initial conference before Judge Scanlon.

00027485.1

Hon. Roslynn R. Mauskopf
August 13, 2014
Page 2

New York law, which governs the jurisdiction issue,[2] provides two bases for personal jurisdiction over out-of-state defendants: (1) general jurisdiction, and (2) long-arm jurisdiction. The Court lacks—and Awadallah does not allege—general jurisdiction over Degen and Heavey because they are not currently "doing business" as individuals in New York.[3] Jurisdiction also does not exist under New York's long arm statute. Degen and Heavey never transacted business in New York related to Awadallah (CPLR 302(a)(1)), and Awadallah does not allege that they committed a tort either in New York or outside New York causing injury in New York, let alone that his claims arise from such tort (CPLR 302(a)(2)(3)). Indeed, Awadallah alleges he was harmed in Italy, where Degen and Heavey allegedly filed a false complaint and provided false testimony that lead to Awadallah's arrest, prosecution, conviction, and imprisonment—in Italy.

*The Amended Complaint Should Be Dismissed for* Forum Non Conveniens *as to Western Union, First Data, and Mr. Schlapbach*

By letter filed July 3, 2014 (Dkt #7), WU and FDC requested a pre-motion conference for a pre-answer motion to dismiss the Complaint for *forum non conveniens*. On July 17, this Court denied that request with leave to renew after an initial conference before Magistrate Judge Scanlon, currently set for September 3. On July 30, Awadallah filed his Amended Complaint. WU, FDC and Schlapbach now request a pre-motion conference to dismiss the Amended Complaint for *forum non conveniens*.[4]

The Amended Complaint tries to patch over the absence of any connection between Awadallah's claims and the United States by adding a handful of allegations of U.S. activity and by naming Degen, Heavey, and Schlapbach as individual defendants. Awadallah cannot so easily avoid dismissal. The new conduct alleged was invariably and exclusively directed abroad, and any injury allegedly caused by this conduct accrued abroad. *See, e.g.*, Am. Compl. ¶¶ 21-22 (alleging Schlapbach's involvement in settlements with Awadallah), 36-38 (alleging Schlapbach's involvement in legal proceedings abroad). Other new allegations refer to conduct that simply did not cause, and is not alleged to have caused, Awadallah's injury. *See, e.g.*, Am. Compl. ¶¶ 22-23 & n.2 (alleging that the settlement agreements by which Awadallah extorted hundreds of thousands of dollars from WU and FDC were issued from New York and are governed by New York law). Similarly, the addition of individual defendants fails to strengthen

---

[2] *See, e.g.*, *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) ("In diversity cases, the issue of personal jurisdiction is governed by the law of the forum state"); *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997) ("In a federal question case where a defendant resides outside the forum state, a federal court applies the forum state's personal jurisdiction rules if the federal statute does not specifically provide for national service of process.").

[3] A person "does not subject himself, individually, to the CPLR 301 jurisdiction of our courts . . . unless he is doing business in our State individually," *Laufer v. Ostrow*, 55 N.Y.2d 305, 313 (1982), "at the time when the action was commenced." *Lancaster v. Colonial Motor Freight Line, Inc.*, 177 A.D.2d 152, 156 (1st Dept. 1992). Since Degen and Heavey are not "doing business" here individually, the Court need not reach the question of whether they are doing business in such a "continuous and systematic" manner as to establish a "presence" in the state. *See Beacon Enters. v. Menzies*, 715 F.2d 757, 762 (2d Cir. 1983) (citations omitted).

[4] This letter addresses the Amended Complaint's new allegations. The arguments in the July 3 pre-motion letter remain valid, however, and are incorporated herein by reference.

00027485.1

Hon. Roslynn R. Mauskopf
August 13, 2014
Page 3

the case's connection to the United States; the Court lacks personal jurisdiction over two of the individuals, and Schlapbach would be subject to the Italian court's jurisdiction on Awadallah's claims.[5] Moreover, the Complaint already relied upon these individuals' alleged actions as the basis for liability of their employers, WU and FDC.

The Amended Complaint's additions only reinforce the similarities between this case and others in which "New York ha[d] virtually no public interest" and private interests "also weigh[ed] in favor of a [foreign] forum." *See, e.g., Dattner v. Conagra Foods, Inc.*, 01-CV-11297, 2003 WL 1740448, at *5 (S.D.N.Y. 2003) (dismissing for *forum non conveniens* case in which foreign plaintiff contracted with U.S. defendant corporations and New York-based defendant attorney allegedly orchestrated plaintiff's entrapment and wrongful prosecution abroad), *aff'd* 91 Fed. App'x 179 (2d Cir. 2004) (affirming dismissal even though defendant corporation did "substantial business in New York" and its U.S. employees engineered plaintiff's arrest abroad).

The Amended Complaint fails to change the fundamental nature of this case. As before, Awadallah is a plaintiff who lacks any relevant connection to the United States, who asks a U.S. court to decide whether actions—all of which either occurred or were directed outside the United States—improperly manipulated the criminal justice system of a foreign nation to secure his wrongful conviction in a foreign court under foreign law such that he is entitled to some measure of compensation. Such litigation does not belong in the United States.

Respectfully submitted,

*/s/ Andrew P. Fishkin*

Andrew P. Fishkin

JOINED IN:

*/s/ Robert D. Owen*
Robert D. Owen
SUTHERLAND ASBILL & BRENNAN LLP
*Attorneys for Defendants*
*First Data Corporation and Kim Heavey*

cc: John F. Schutty, Esq. (via ECF)

---

[5] In support of their argument to dismiss for forum non conveniens, WU, FDC and Schlapbach will offer the declaration of an Italian lawyer and expert in Italian legal procedure to establish that Italy is an available and adequate forum for this dispute. The expert will testify, among other things: (1) that the Italian judicial system is a civil law system with a civil code and rules of civil procedure; (2) that the Italian court system offers two levels of appeal; (3) that Italian courts have jurisdiction over this dispute and each of them; (4) that Awadallah's allegations give rise to several causes of action under Italian civil law; (5) that those causes of action carry significant potential damages; and (6) that relevant evidence and witness testimony could be obtained and presented in a proceeding before an Italian court.