# LAW OFFICE OF JOHN F. SCHUTTY, P.C.
445 Park Avenue, Ninth Floor
New York, New York 10022
Telephone: (212) 836-4796  Fax: (917) 591-5980
Email: john@johnschutty.com

August 27, 2014                                              *Filed & Served Via the ECF System*

The Honorable Vera M. Scanlon
United States Magistrate Judge
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Awadallah v. The Western Union Co., First Data Corp, et al.*
      EDNY Civil Action No.: 14-CV-3493 (RRM)(VMS)

Dear Magistrate Judge Scanlon:

My office represents plaintiff Adnan Awadallah in the above captioned action. I write in advance of our scheduled September 3 Preliminary Conference to report that no defendant has yet answered the Amended Complaint (or Complaint) and no defendant will agree to produce discovery (or agree to a "discovery schedule").

Defense counsel reiterated in a telephone conference call today: (1) that their clients intend to file pre-Answer, "Rule 12 motions" to dismiss the Amended Complaint on the basis of *forum non conveniens* and personal jurisdiction (the latter defense will be asserted by only two individual defendants), and (2) that their clients will refuse to produce any discovery to plaintiff until their "Rule 12 motions" are resolved. As Your Honor may know, defense counsel previously requested two separate pre-motion conferences with Judge Mauskopf; after plaintiff objected to the first such request citing a need for discovery, Judge Mauskopf denied the pre-motion conference requests and ordered counsel to appear before Your Honor on September 3 (the defendants were, however, granted an extension of time to answer the Amended Complaint until we meet with Your Honor).

Plaintiff objects to the defendants' request for a pre-Answer *and pre-discovery* filing of a motion to dismiss on either of their alleged defenses since both require a detailed factual analysis that can only be properly resolved through: (1) the filing of affidavits, and (2) the production of documents and witness testimony in the exclusive possession of the defendants.

   A.   **Defendants' Alleged *Forum Non Conveniens* Defense**

As to the alleged *forum non conveniens* defense, while the defendants' argument has some superficial appeal -- this is a lawsuit brought by a foreign plaintiff for a maliciously-filed criminal action brought in Italy -- *all* of the actions taken to file and support the wrongfully-filed criminal charges were developed and authorized by American agents and employees of the two defendant companies (and, significantly, these agents and employees all work and reside in the United States). Upon information and belief, all of the strategy employed to

Hon. Vera M. Scanlon
August 27, 2014
Page 2

harass, charge, arrest and imprison plaintiff were developed in New York by defendant David L. Schlapbach, the General Counsel of The Western Union Company (WU), who was residing in New York at all relevant times described in the Amended Complaint. Moreover, all of the documents and all of the witnesses with knowledge of how this strategy was created and employed are within the United States (not in Italy or any foreign country). So, while the strategy was certainly *executed* in Rome, Italy, plaintiff believes that the strategy was created in New York by Schlapbach, and then carried out by two other American defendants, Robert George Degen and Kim Catherine Heavey, at Schlapbach's direction (and possibly others).[1] Plaintiff should be granted full discovery on the activities of the latter three individuals (and any others who authorized their activity) before leave to file motion to dismiss (actually, a motion for summary judgment) on the basis of *forum non conveniens* is granted. In any event, plaintiff should be granted leave to request documents, interrogatory answers and depositions in the United States to determine where the defendants' malicious strategy was developed, and the specific role played by each individual in the eventual, malicious behavior.[2]

### B. The Alleged Personal Jurisdiction Defenses of Defendants Degen & Heavey

Plaintiff has alleged that Degen and Heavey acted, at all times, under the direction of Schlapbach who was residing in New York City. Plaintiff contends that Degen and Heavey are, therefore, subject to the long arm jurisdiction of this court, which under New York law requires a mere showing that they conspired with a New York conspirator to commit a tortious act.[3] If defendants Degen and Heavey should contest the latter claim set forth in the

---

[1] In requesting a pre-motion conference, the defendants have merely cited an unreported district court opinion that has neither precedential nor comparative value to this case -- *Dattner v. Conagra Foods, Inc.*, No. 01 cv. 11297, 2003 WL 1740448, at *2-4 (S.D.N.Y. April 2, 2003). In *Dattner*, the court noted that "all" of the relevant witnesses to plaintiff's claim were "located in or around France" where the alleged malicious prosecution occurred. *Dattner* at *5. Here, as seen above, *all of the defendants' employees involved in the tortious acts perpetrated against plaintiff reside in the United States (and at least one of them works or resides in the New York metropolitan area).*

[2] *Forum non conveniens* is a fact-intensive inquiry. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249 (1981) (noting that each *forum non conveniens* "case turns on its facts") (internal quotation marks omitted). Where, as here, plaintiff shows "an arguable basis for concluding … that a *forum non conveniens* dismissal may not be appropriate, the proper course is to allow discovery prior to considering dismissal." *Alfadda v. Fenn*, Case Nos. 89 Civ. 6217 (LMM), 90 Civ. 4470 (LMM), 1994 U.S. Dist. LEXIS 18267, *1 (S.D.N.Y., Dec. 22, 1994). Courts grant limited discovery where such discovery would aid the court in a determination of *forum non conveniens* issues. *Aguinda v. Texaco*, 303 F. 3d 470 (2d Cir. 2002) (trial court ordered two and a half years of discovery prior to ruling on *forum non conveniens* motion).

[3] Conspiracy jurisdiction can be based on state long-arm statutes made applicable in federal court through Rule 4 of the Federal Rules of Civil Procedure, or it can be based on a jurisdiction-

Footnote continued on next page

Hon. Vera M. Scanlon
August 27, 2014
Page 3

Amended Complaint, they must necessarily do so by affidavit. In opposing any such claim in an affidavit, plaintiff will, of course, ask for discovery – *e.g.*, copies of all emails, correspondence, memoranda and the like that Degen and Heavey exchanged with Schlapbach regarding the criminal charges that were brought against plaintiff to establish Degen's and Heavey's participation in the New York-based conspiracy to hurt plaintiff.

Thus, whether the defendants move to dismiss on personal jurisdiction or *forum non conveniens* grounds, they will have to swear to facts that support their position through an affidavit or two (*e.g.*, no "minimum contacts" exist between Degen and/or Heavey and the State of New York).[4] In short, in asserting either of the two defenses, through the filing of *any* affidavit by the defendants, presents "matters outside the pleadings . . . [and] the motion must [therefore] be treated as a motion for summary judgment under Rule 56. All parties must [therefore] be given a reasonable opportunity to present all the material pertinent to the motion [through discovery and submission]." FRCP 12 (d).

Most of the courts that have addressed this issue have indicated that "where the facts necessary to establish personal jurisdiction [or *forum non conveniens*] . . . lie exclusively within the defendant's knowledge," discovery will typically be permitted. *Hollins v. United States Tennis Ass'n*, 469 F. Supp. 2d 67, 79 (E.D.N.Y. 2006) (quoting *Winston & Strawn v. Dong Won Sec. Co.*, No. 02 Civ. 0183(RWS), 2002 WL 31444625, at *5 (S.D.N.Y. Nov. 1, 2002)).

Sincerely yours,

*John F. Schutty*


cc: Robert Owen, Esq. and Travis J. Mock, Esq. for First Data Corp. (Via ECF) and
Andrew P. Fishkin, Esq. and David N. Cohen, Esq. for The Western Union Company (Via ECF)

---

Footnote continued from previous page
granting federal statute such as the Racketeer Influenced and Corrupt Organizations Act (RICO). *See, e.g., Noble Sec., Inc. v. MIZ Eng'g, Ltd.*, 611 F. Supp. 2d 513, 538–41, 548–53 (E.D. Va. 2009) (discussing state long-arm jurisdiction and RICO jurisdiction).

[4] In addition, in alleging that a more convenient and proper foreign forum exists in seeking a *forum non conveniens* dismissal, the defendants must submit a detailed affidavit prepared by a foreign law expert -- or their motion must fail. This fact necessarily converts the defendants' Rule 12 motion into a Rule 56 motion -- and thereby allows the court to order that discovery be completed before any such motion is filed.