

**FISHKIN LUCKS LLP**

ATTORNEYS AT LAW

The Legal Center
One Riverfront Plaza, Suite 220
Newark, New Jersey 07102
(973) 536-2800
fax: (973) 679-4435
www.FishkinLucks.com

New York Office
277 Broadway
Suite 408
New York, NY 10007
(646) 755-9200

Andrew P. Fishkin
afishkin@FishkinLucks.com

September 1, 2014

**Via ECF**
Hon. Vera M. Scanlon, USMJ
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Adnan Awalladah v. The Western Union Corporation and
First Data Corporation*, No. 14-CV-3493 (RRM) (VMS)

Dear Judge Scanlon:

We represent Defendants The Western Union Company ("WU"), David Schlapbach, and Robert Degen.  We write on their behalf, with the joinder of Defendants First Data Corporation ("FDC") and Kim Heavey, in response to Plaintiff Adnan Awadallah's August 27 letter to your Honor.

Awadallah is a Palestinian citizen currently residing in Rome, Italy.  He has never been a citizen or resident of the United States.  Between 2004 and 2013, Awadallah was arrested, prosecuted, convicted and incarcerated by Italian officials in Rome, Italy on charges that he extorted money from WU/FDC in Rome.  In July 2013, Awadallah's conviction was overturned by the Court of Appeal of Rome.  Awadallah brought this action against WU and FDC for their alleged role in the Italian criminal proceeding.  When WU and FDC filed pre-motion letters to dismiss for *forum non conveniens*, Awadallah amended his complaint to add two former FDC employees (Degen and Heavey) and a former FDC/WU employee (Schlapbach) as defendants.  When Defendants filed pre-motion letters to dismiss the Amended Complaint for *forum non conveniens* (WU, FDC, and Schlapbach) and for lack of personal jurisdiction (as to Degen and Heavey), Awadallah argued that those motions should be prohibited pending discovery.  And, after Judge Mauskopf denied Defendants' request for a conference "with leave to renew following the initial conference before" this Court, Awadallah rejected Defendants' proposal to commence discovery

Hon. Vera M. Scanlon
September 1, 2014
Page 2

immediately after the Court denied any part of Defendants' motion. Awadallah's argument for barring motions to dismiss pending discovery is not well-taken.

Awadallah seeks extensive discovery to demonstrate that "the strategy employed" leading to the criminal proceeding in Rome was "developed in New York." Ltr. at 2. But the Amended Complaint specifically alleges that Defendants' purported strategy was developed in New York, and Defendants will be obligated to accept those allegations *as true* for purposes of their motion to dismiss.[1] Thus, Awadallah has no need for discovery to prove those allegations.

Awadallah cannot analogize to *Alfadda* because his pleading does not present an "arguable basis" for jurisdiction. Ltr. at 2 n.2 (*citing Alfadda v. Fenn*, 89-CV-6217, 90-CV-4470, 1994 WL 714254, at *1 (S.D.N.Y. 1994)). Even accepting the allegations in the Amended Complaint as true, the case easily should be dismissed for *forum non conveniens* because (a) Awadallah's choice of this forum deserves little (if any) deference; (b) Italy is an available and adequate alternative forum; and (c) the balance of private and public interests heavily favors dismissal.

Awadallah incorrectly suggests that the court in *Aguinda* "granted two years of discovery." Ltr. at 2 n.2. That two-year period included the death of the judge, reassignment to three subsequent judges, and renewal of motions to dismiss. Notably, when the motions were finally decided, the court candidly suggested that discovery had probably been unnecessary. The court described the discovery not as mandatory but as "unusual leeway" and observed that, "[i]n hindsight, such solicitude may have been improvident, for the overwhelming obstacles to the Court's jurisdiction that were readily apparent to the court in [a related case] have become increasingly obvious to this Court as well. *Aguinda et al. v. Texaco, Inc.*, 945 F.Supp. 625 (S.D.N.Y. 1996) (emphasis added), *vacated on other grounds by Jota v. Texaco, Inc.*, 157 F.3d 153 (2d Cir. 1998).[2]

Awadallah's attempt to delay the personal jurisdiction motion is equally flawed. Degen and Heavey worked in FDC's office in Denver, Colorado and reside in states other than New York. The Court lacks general jurisdiction over them because they are not currently "doing business" as individuals in New York. And they are not subject to long arm jurisdiction, since they never transacted business in New York related to Awadallah, and Awadallah does not allege that they committed a tort either in New York or outside New York causing injury in New York

---

[1] *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir. 1985) ("In the absence of an evidentiary hearing on the jurisdictional allegations, or a trial on the merits, all pleadings and affidavits are construed in the light most favorable to plaintiff, and where doubts exist, they are resolved in the plaintiff's favor.").

[2] Awadallah's attempt to attack merits of the *forum non conveniens* motion by marginalizing the strikingly similar *Dattner* case also falls flat. Ltr. at 2 n.1 (describing *Dattner* as "an unreported district court opinion that has neither precedential nor comparative value to this case"). *Dattner* is no less persuasive for being unpublished, and this Court may freely rely on it. *See Lebron v. Sanders*, 557 F.3d 76, 79 n.7 (2d Cir. 2009) (*per curiam*) ("We do not suggest that published district court opinions are more persuasive than unpublished district court opinions; nor do we discourage district courts from citing to an unpublished opinion that is, for any reason, more appropriate than a published one"). Awadallah also fails to mention that *Dattner* was affirmed by the Second Circuit. *Dattner v. Conagra Food, Inc.*, 01-CV-11297, 2003 WL 1740448, *aff'd* 91 Fed. App'x 179 (2d Cir. 2004).

Hon. Vera M. Scanlon
September 1, 2014
Page 3

Awadallah asserts long-arm "conspiracy jurisdiction" over Degen and Heavey based on purported acts in New York by alleged co-conspirator Schlapbach. Ltr. at 2. This theory is defective on its face and does not warrant discovery (or an evidentiary hearing). *First*, Awadallah has not pled a *prima facie* case warranting the inference that a conspiracy existed among Defendants. *Chrysler Capital Corp. v. Century Power Corp.*, 778 F.Supp. 1260, 1266 (S.D.N.Y. 1991) (holding that jurisdiction cannot be established by "bland assertion[s] of conspiracy or agency" (quotation removed)). Awadallah's bald allegations of conspiracy will not suffice. *See* Am. Compl. ¶¶ 36 ("Upon information and belief, Schlapbach engineered this effort from the New York metropolitan area"), 37 (same), 38 (same), 41 (same), 41 n. 4 (same), 46 (same), 49 (same), 50 (same), 53 (same), 55 (same), 68 (same), 71 (same).

*Second*, Awadallah has not alleged that the New York co-conspirator committed a tortious act in furtherance of the conspiracy in New York. *Chrysler*, 778 F.Supp. at 1266*; see also* MCKINNEY'S CONS. LAWS OF N.Y. ANN. § 302:10 ("CPLR 302(a)(2) . . . has been narrowly construed to apply only when the defendant's wrongful conduct is performed in New York." (citations omitted)). While the Amended Complaint does allege a few acts by Schlapbach in New York, none of them is tortious. And mere allegations that the New York defendant "conspired" with the out-of-state defendants do not establish tortious conduct in New York, since New York law does not recognize a substantive tort of conspiracy. *Daniel v. American Bd. of Emergency Med.*, 988 F. Supp 127, 231 (W.D.N.Y. 1997) (citing *Durante Bros. & Sons, Inc. v. Flushing Nat'l Bank*, 755 F.2d 239, 251 (2d Cir.), *cert. denied*, 473 U.S. 906 (1985).

*Third*, Awadallah cannot establish any of the three elements necessary to impute Schlapbach's conduct to Degen and Heavey. Awadallah cannot establish that each defendant was aware of the effects in New York of its activity, *Chrysler*, 778 F. Supp. 2d at 1269, because Defendants' activity did not have *any* effects in New York. Nor can Awadallah establish that the New York co-conspirator's activity was to the benefit of each of the out-of-state conspirators, *id.*, because Schlapbach was acting for the benefit not of Degen and Heavey but of his employer. Finally, Awadallah cannot show that the New York co-conspirator acted "at the direction or under the control" or "at the request of or on behalf of" the out-of-state conspirators, *id.*, because the Amended Complaint repeatedly and explicitly alleged that *Schlapbach* "engineered" the conspiracy.

Awadallah's final argument -- that Defendants' motion would "actually" be "a motion for summary judgment," Ltr. at 2, 3 n.4 -- lacks any basis in law. Awadallah quotes Fed. R. Civ. P. 12(d) but ignores the predicate language limiting application of the rule to motions "under Rule 12(b)(6) or 12(c)." Defendants' motion is exempt from Rule 12(d) because motions to dismiss for lack of personal jurisdiction arise under Rule 12(b)(2) and motions to dismiss for *forum non conveniens* are creatures of common law and do not arise under any part of Rule 12. In fact, Awadallah's own personal jurisdiction cases hold that "the Court may consider matters outside the pleadings without converting the motion to dismiss into a motion for summary judgment." *Hollins v. U.S. Tennis Ass'n*, 469 F.Supp. 2d 67, 70 & n.2 (E.D.N.Y. 2006).[3]

---

[3] Awadallah cites *Hollins* for the unqualified proposition that a court will order discovery where facts necessary to establish personal jurisdiction lie exclusively within the defendant's knowledge. Ltr. at 3. But that is true only if the plaintiff has "made a sufficient start toward establishing personal jurisdiction." *Hollins*, 469 F.Supp.2d at 70-71.

Hon. Vera M. Scanlon
September 1, 2014
Page 4

Thank you for affording Defendants the opportunity to respond to Awadallah's letter.  We look forward to discussing these issues with your Honor at Wednesday's conference.

Respectfully submitted,


/s/ *Andrew P. Fishkin*
Andrew P. Fishkin

>                                     *JOINED IN:*
>
>                                     /s/ *Robert D. Owen*
>                                     Robert D. Owen
>                                     SUTHERLAND ASBILL & BRENNAN LLP
>                                     *Attorneys for Defendants*
>                                     *First Data Corporation and Kim Heavey*

cc:  John F. Schutty, Esq. (via ECF)

---

Because Awadallah's Amended Complaint, together with affidavit testimony, is sufficient to establish that jurisdiction does not exist, jurisdictional discovery is unnecessary.

00027562.1