UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ADNAN AWADALLAH,

                Plaintiff,

        - against -

THE WESTERN UNION COMPANY; FIRST
DATA CORPORATION; DAVID L.
SCHLAPBACH; ROBERT GEORGE DEGEN;
KIM CATHERINE HEAVEY; and MICHAEL T.
WHEALY,

                Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
14-CV-3493 (RRM) (VMS)

ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff Adnan Awadallah seeks reconsideration of this Court's March 30, 2016 Memorandum and Order (the "March Order") granting defendants' motion to dismiss on the basis of *forum non conveniens*. (Mem. Supp. Reconsideration (Doc. No. 69-1).)[1] The Court presumes the parties' familiarity with the facts of the case. For the reasons set forth below, Awadallah's motion for reconsideration is denied.

### STANDARD OF REVIEW

Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Butto v. Collecto Inc.*, 845 F. Supp. 2d 491, 494 (E.D.N.Y. 2012) (quoting *Trans-Pro Logistic Inc. v. Coby Elecs. Corp.*, No. 05-CV-1759 (CLP), 2010 WL 4065603, at *1 (E.D.N.Y. Oct. 15, 2010) (internal quotation marks and citation omitted)). "A motion for reconsideration should be granted only where the moving party demonstrates that the Court has overlooked factual matters or controlling precedent that were

---

[1] Plaintiff also filed a supplemental letter dated May 31, 2016 (Doc. No. 70) which has been considered on this motion.

1

presented to it on the underlying motion and that would have changed its decision." *In re N.Y. Cmty. Bancorp, Inc., Secs. Litig.*, 244 F.R.D. 156, 159 (E.D.N.Y. 2007); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Webb v. City of New York*, No. 08-CV-5145 (CBA), 2011 WL 5825690, at *1 (E.D.N.Y. Nov. 17, 2011) (internal quotation marks and citation omitted). It "may not . . . be used as a vehicle for relitigating issues already decided by the Court," *id.*, at *1 (internal quotation marks and citation omitted), and "[a] moving party may not merely reiterate or repackage an argument previously rejected by the court," *In re N.Y. Cmty. Bancorp*, 244 F.R.D. at 160. In other words, a motion for reconsideration "is not an opportunity for a second bite at the apple." *Id.* (internal citation and quotation marks omitted).

## DISCUSSION

Awadallah brings two claims on his motion for reconsideration: first, Awadallah argues that the Court erred by dismissing the complaint without defendants' submitting factual affidavits in support of their arguments; second, Awadallah argues that the conditions imposed by the Court were insufficient to protect his interests. (Mem. Supp. Reconsideration at 2.)[2]

**I.     Accepting Facts as True**

First, Awadallah asserts that the Court failed to accept the facts alleged in the complaint as true despite defendants' failure to provide factual affidavits. Awadallah focuses his argument on the private interest factors.[3] Specifically, he argues that defendants failed to provide factual support for the assertion that relevant documents and witnesses are located in Italy. (Mem. Supp.

---

[2] For ease of reference, all citations to court documents utilize ECF pagination.

[3] In deciding a *forum non conveniens* motion the Court engages in a three-part analysis considering: (1) the degree of deference to be afforded to plaintiff's choice of forum; (2) whether an adequate alternative forum exists; and (3) private and public interest factors. *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 73–74 (2d Cir. 2001).

Reconsideration at 5–6.) He further argues that the Court did not sufficiently credit Awadallah's assertions that communications with defendants were in English and defendants speak only English. (*Id.* at 6.)

Awadallah's motion for reconsideration is meritless. The facts accepted by the Court were based on Awadallah's own assertions in the pleadings and other submissions. In essence, Awadallah's grievance is not that the Court failed to accept his factual assertions as true, but that the Court declined to accept his extremely narrow *interpretation* of those facts. The Court is entitled to "rely upon the pleadings, affidavits, *and their own assessment of the facts and legal questions at issue*" in making factual determinations on a *forum non conveniens* motion. *RIGroup LLC v. Trefonisco Mgmt. Ltd.*, 949 F. Supp. 2d 546, 557 n.5 (S.D.N.Y. 2013) (emphasis added). Here, the Court did just that.

By way of example, Awadallah argues that the Court improperly found that there are relevant witnesses in Italy despite Awadallah's insistence that the only relevant witnesses are located in the United States. (Mem. Supp. Reconsideration at 5–6.) However, the fact that there are witnesses in Italy is based not on defendants' argument, but on Awadallah's own assertion that he would depose witnesses who reside in Italy, (March Order (Doc. No. 67) at 16–17 (citing Awadallah Decl. (Doc. No. 58-4) ¶ 19)), and on Awadallah's claims that (i) defendants, "*together with high-profile Italian attorneys and police officers*, set up a complex scheme . . . to convince Italian prosecutors to bring a criminal extortion charge against Awadallah" and (ii) that defendants "bought and paid for" the investigation and prosecution, (*see* Second Am. Compl. (Doc. No. 24) ¶¶ 38, 57 n.11 (emphasis added)). Based on these factual assertions put forth by Awadallah and on the Court's assessment of those factual assertions, the Court determined that

3

there are relevant witnesses in Italy.[4]  *See RIGroup LLC*, 949 F. Supp. 2d at 557 n.5 (noting that the Court may rely on its "own assessment of the facts and legal questions at issue to determine the location, or likely location of relevant witnesses").

In short, the Court *did* accept Awadallah's factual assertions as true and, based on those facts, found that dismissal was appropriate.  (*See, e.g.*, March Order at 15 n.6 ("For purposes of this motion, the Court assumes without deciding that defendants conspired in the United States, that the decisions were made in the United States, and that there is both documentary and testimonial evidence of that conspiracy located here.").)  Awadallah simply takes issue with the Court's interpretation of those facts and the legal questions at issue in this case.  Because the Court has not "overlooked factual matters or controlling precedent . . . that would have changed its decision," *In re N.Y. Cmty. Bancorp*, 244 F.R.D. at 159, Awadallah's motion for reconsideration is denied.[5]

**II.     Additional Conditions**

Awadallah requests that, if the Court upholds its decision to dismiss, it implement additional protective conditions.  (Mem. Supp. Reconsideration at 9.)  Awadallah does not allege that the Court has overlooked any factual matter or controlling precedent with respect to the conditions.  Rather, Awadallah argues only that other courts have imposed a variety of conditions when dismissing based on the doctrine of *forum non conveniens* and therefore the

---

[4] Awadallah argues that he purposefully chose not to sue any Italian officials in this action and that defendants "improperly suggest[ ]" that his "real cause of action" is against those officials.  (Mem. Supp. Reconsideration at 6.)  Awadallah misses the point.  The Court did not find that Awadallah's real cause of action was against anyone other than the defendants in this case.  That does not mean, however, that the Italian officials – who, Awadallah alleges, acted at the "behest and urging" of defendants – have no information relevant to this action.

[5] Even if the Court were to find that the private interest factors weighed in Awadallah's favor, the other factors – namely, the minimal deference to which Awadallah's choice of forum is entitled and the public interest, which weighs heavily in favor of dismissal – sufficiently outweigh the private interests at play here and dismissal based on the doctrine of *forum non conveniens* would still be appropriate.

4

conditions set by this Court should be strengthened.  (*Id.*)  This is an insufficient basis for the extraordinary remedy of reconsideration.

## CONCLUSION

For the reasons set forth above, Awadallah's motion for reconsideration (Doc. No. 69) is denied.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
      January 4, 2017

_____
ROSLYNN R. MAUSKOPF
United States District Judge